**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0   Valuation of Security       0   Assumption of Executory Contract or Unexpired Lease       0   Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:
MARK and ALEXIS COLLINS

Case No.: 19-27330

Judge: Altenburg, Jr.

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original            ☒ Modified/Notice Required            Date: 05/10/2020

☒ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☒ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: JS            Initial Debtor: MC            Initial Co-Debtor: AC

**Part 1:    Payment and Length of Plan**

a. The debtor shall pay $ _____193_____ per _____month_____ to the Chapter 13 Trustee, starting on _____June_____ for approximately _____52_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒    Future earnings

☐    Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

### Part 2: Adequate Protection ☒ NONE

  a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

  b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

### Part 3: Priority Claims (Including Administrative Expenses)

  a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
| --- | --- | --- |
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $3,000.00 |
| DOMESTIC SUPPORT OBLIGATION | | |

  b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
  Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
| --- | --- | --- | --- |
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Rushmore Loan Mortgage | Mortgage | $7,531.00 | 0 | $7,531.00 | $1,082.00 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
|  |  |  |  |  |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.
    N/A

**e. Surrender** ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| PA Housing Finance Agency | single family home | $115,000.00 | $18,463.00 |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:
GM Financial, auto loan

**g. Secured Claims to be Paid in Full Through the Plan**: ☒ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| N/A |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE:  See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).**   ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| Secretary of Housing and Urban Development | single family residence | 2nd mortgage | $39,265.89 | $109,000.00 | $39,265.89 | $118,197.00 | $39,265.89 |

b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

a. **Vesting of Property of the Estate**

☐ Upon confirmation

☒ Upon discharge

b. **Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other Administrative and Priority Claims
3) Secured Claims
4) Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9:    Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 05/07/2020_____.

| Explain below **why** the plan is being modified:<br>4e: Client is surrendering a 2nd property<br>7a: motion to avoid 2nd mortgage | Explain below **how** the plan is being modified:<br>4e: Added property that is being surrendered<br>7a: Added 2nd mortgage to be discharged |
|---|---|

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

## Part 10:    Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 05/10/2020        /s/ Mark Collins
                        Debtor

Date: 05/10/2020        /s/ Alexis Collins
                        Joint Debtor

Date: 05/10/2020        /s/ Joel Schwartz
                        Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:  
Mark Collins  
Alexis Collins  
    Debtors

Case No. 19-27330-ABA  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-1        User: admin        Page 1 of 2        Date Rcvd: May 12, 2020  
                        Form ID: pdf901     Total Noticed: 31

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 14, 2020.

```
db/jdb         +Mark Collins,    Alexis Collins,    619 Cedar Court,    Pleasantville, NJ 08232-4202
lm             +Rushmore Loan Management Services,    P.O. Box 55004,    Irvine, CA 92619-5004
518452403      +Apex,    2501 Oregon Pike, Suite 102,    Lancaster, PA 17601-4890
518452404      +Ashley Furniture c/o Stephen Einstein,    20 Vesey Street, Suite 1406,
                 New York City, NY 10007-4217
518452405      +Aspen,    1430 Jersey Avenue, Suite 1,    North New Brunsick, NJ 08902-1659
518452406      +Atlantic Care,    PO Box 360,    Findlay, OH 45839-0360
518452407      +Chrysler Capital,    PO Box 660335,    Dallas , TX 75266-0335
518478434      +Chrysler Capital,    PO Box 961275,    Fort Worth, TX 76161-0275
518452408      +Credit Corp Solutions c/o Jarod Miller Court Offic,    PO Box 218,    New Gretna, NJ 08224-0218
518493885      +First Guaranty Mortgage Corporation,    c/o Rushmore Loan Management Services,    P.O. Box 52708,
                 Irvine, CA 92619-2708
518495932      +First Guaranty Mortgage Corporation,    Attn Rushmore Loan Management Services,,    PO Box 55004,
                 Irvine, CA 92619-5004
518452410      +Lawn Doctor,    6604 Delilah Road, Suite 2,    Egg Harbor Twp, NJ 08234-5666
518452411      +PA Housing Finance,    211 N Front Street,    Harrisburg, PA 17101-1406
518574929      +Pennsylvania Housing Finance Agency,    211 North Front Street,    Harrisburg, PA 17101-1406
518452412      +Plymouth Rock Insurance,    725 Canton Street,    Norwood, MA 02062-2679
518452415      +Rushmore Loan Management,    PO Box 814529,    Dallas , Texas 75381-4529
518452416      +Sprint,    PO Box 629023,    El Dorado Hills, CA 95762-9023
518452417      +Synchrony Bank(Sams Club),    PO box 13105,    Roanoke, VA 24031-3105
518452418      +US Department of Education,    15480 Laguna Canyon Road, S,    Irvine, CA 92618-2132
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg             E-mail/Text: usanj.njbankr@usdoj.gov May 12 2020 23:38:46     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov May 12 2020 23:38:45     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
518504030       E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM May 12 2020 23:38:09
                 AmeriCredit Financial Services, Inc.,    dba GM Financial,    P O Box 183853,
                 Arlington, TX 76096
518495900      +E-mail/Text: bankruptcy@pepcoholdings.com May 12 2020 23:38:11
                 Atlantic City Electric Company,    5 Collins Drive, Suite 2133,    Mail Stop 84CP42,
                 Carneys Point, NJ 08069-3600
518452409      +E-mail/Text: GMFINANCIAL@EBN.PHINSOLUTIONS.COM May 12 2020 23:38:09     GM Financial,
                 PO Box 183834,    Arlington, TX 76096-3834
518539053      +E-mail/Text: bankruptcydpt@mcmcg.com May 12 2020 23:38:44     Midland Funding LLC,
                 PO Box 2011,    Warren MI 48090-2011
518524579      +E-mail/Text: csc.bankruptcy@amwater.com May 12 2020 23:39:24     New Jersey American Water,
                 PO Box 578,    Alton, IL 62002-0578
518540825       E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 12 2020 23:43:54
                 Portfolio Recovery Associates, LLC,    c/o Capital One Bank (usa), N.a.,    POB 41067,
                 Norfolk VA 23541
518452413      +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com May 12 2020 23:43:54
                 Portfolio Recovery Association, LLC,    120 Corporate Blvd,    Norfolk, VA 23502-4952
518552932       E-mail/Text: bnc-quantum@quantum3group.com May 12 2020 23:38:34
                 Quantum3 Group LLC as agent for,    Credit Corp Solutions Inc,    PO Box 788,
                 Kirkland, WA  98083-0788
518453428      +E-mail/PDF: gecsedi@recoverycorp.com May 12 2020 23:44:19     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
518470966      +E-mail/PDF: OGCRegionIIBankruptcy@hud.gov May 12 2020 23:43:50
                 US Department of Housing and Urban Development,    451 7th Street SW,
                 Washington, DC 20410-0002
                                                                                              TOTAL: 12
```

       ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****

```
518452414*     +Portfolio Recovery Association, LLC,    120 Corporate Blvd,    Norfolk, VA 23502-4952
                                                                                   TOTALS: 0, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

```
District/off: 0312-1           User: admin              Page 2 of 2              Date Rcvd: May 12, 2020
                               Form ID: pdf901          Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 14, 2020                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 11, 2020 at the address(es) listed below:
              Brian E Caine    on behalf of Creditor    First Guaranty Mortgage Corporation
               bcaine@parkermccay.com, BKcourtnotices@parkermccay.com
              Brian E Caine    on behalf of Loss Mitigation    Rushmore Loan Management Services
               bcaine@parkermccay.com, BKcourtnotices@parkermccay.com
              Denise E. Carlon    on behalf of Creditor    Pennsylvania Housing Finance Agency
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Jennifer R. Gorchow    on behalf of Trustee Isabel C. Balboa jgorchow@standingtrustee.com
              Joel Lee Schwartz    on behalf of Debtor Mark  Collins esqinac@aol.com, stacygreen7@aol.com
              Joel Lee Schwartz    on behalf of Joint Debtor Alexis  Collins esqinac@aol.com,
               stacygreen7@aol.com
              Kevin Gordon McDonald    on behalf of Creditor    Pennsylvania Housing Finance Agency
               kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 10
```